IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA THORNTON, et al.,

            Plaintiffs,

v.                                 CIVIL ACTION NO. 2:09-cv-00137

ACTAVIS TOTOWA, LLC,  et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the defendants' motion for sanctions to dismiss the complaint and schedule a hearing to consider an award of reasonable attorneys' fees and other expenses incurred ("motion for sanctions")  [Docket 13].

Defendants assert that the complaint's allegation that Digitek® caused the death of Clinton Thornton ("Decedent") has no evidentiary support.  They contend that a reasonable prefiling investigation includes an examination of reasonably available medical records and that no such examination occurred in this action as the plaintiffs' counsel was not in possession of any of Decedent's medical or pharmacy records when they filed the complaint or when they served the defendants with the Plaintiff Fact Sheet. The plaintiffs' response, accompanied by the sworn declaration of her lawyer, is reproduced in full below:

> Mulligan sometimes jointly manages cases with a law firm based in Virginia (the "Virginia Firm"). In this instance, Mulligan filed suit on behalf of (deceased) Plaintiff Thomton's family three days prior to the expiration of the applicable statute of limitations. Mulligan filed the action to protect Plaintiffs interests under the applicable statute of limitations and with a good faith belief in the viability of the case.

> Thereafter, Mulligan forwarded the information provided by Plaintiff to the Virginia Firm. The Virginia Firm, in turn, advised Mulligan that it would assume primary responsibility for the management of Plaintiffs case.
>
> Upon receiving Defendants' notice of Rule 11 deficiency and proposed Motion for Sanctions, Mulligan forwarded those documents to the Virginia Firm for handling. The Virginia Firm then confirmed to Mulligan that it was still pursuing Plaintiffs['] case. It was not until the day after the deadline to cure the asserted Rule 11 deficiency that the Virginia Firm informed Mulligan that it was declining to represent Plaintiff and that it had not acted to cure the asserted deficiency.
>
> Mulligan reasonably believed that the Virginia Firm would timely respond to Defendants' notice of Rule 11 deficiency and otherwise attend to the interests of Plaintiffs case. Moreover, Mulligan filed the case to protect Plaintiffs interests under the applicable statute of limitations and with a good faith belief in the viability of the case. Accordingly, Mulligan requests that the Court deny Defendants' Motion for Sanctions.

(Resp. at 1-2 (citations omitted)).

It is the case, as the defendants note, that Rule 11 responsibilities are non-delegable. At the same time, the impending limitations deadline and the apparent good faith exercised by Mr. Mulligan do not suggest that the harsh measure of sanctions, monetary or otherwise, is warranted under the circumstances as they presently exist. Based upon the foregoing, I **ORDER** as follows:

1. The motion for sanctions is **DENIED** without prejudice;

2. Mr. Mulligan is directed forthwith to review the case file in consultation with his clients and ascertain if they wish to continue to prosecute the litigation;

3. Following that consultation, and no later than February 24, 2010, the plaintiffs must either file a notice of voluntary dismissal or a statement of their intention to continue the prosecution of this action, signed by both Mr. Mulligan and his clients; and

    4.    If the plaintiff intends to continue the prosecution of this action, the defendants may, if they so desire, serve a Safe Harbor Letter and pursue the matter of sanctions if they deem the continued prosecution of the action to violate Rule 11.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    February 4, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge